WALLACE, JUDGE:
Claimants brought this action to recover monetary damages which resulted when claimant George O. Winemiller was in an accident which came about when he drove a vehicle into a large hole caused by a slide. The vehicle belonged to William Hamilton and Carolyn S. Hamilton, the brother-in-law and sister of claimant George O. Winemiller.
Claimant Winemiller was travelling north on West Virginia Route 4, Braxton County, in a 1982 Eagle station wagon on November 29, 1985, at approximately 3:15 a.m. At that time he was involved in a single vehicle accident which occurred when he drove the vehicle into a deteriorated section of the roadway where a slide had occurred. The exact time of the slide has not been established, but it was estimated to be between 2:30 and 3:30 in the morning. Claimant Winemiller sustained injuries to his person and damages to the vehicle for which claimants seek $500,000 as compensation.
It is claimants' position that respondent was negligent in failing to take action to rectify the hazard or to provide warning devices to alert the travelling public of the existence of the hazard created by the slide. Claimants also allege that construction of the Sutton dam, which was completed in this area over twenty years ago, contributed to the slide. Claimants contend that the way in which the dam was controlled caused the earth beneath the road to erode due to the raising and lowering of the water in the Elk River. Therefore, claimants contend that the respondent knew or should have known that erosion would occur to the earth beneath the road which would eventually cause a slide such as the one that did occur in the claim herein. The hole created by the slide was approximately 20 feet long, 250 feet wide, and 30 feet deep.
In order to establish liability on the part of the respondent, there must be either actual or constructive notice and sufficient time for respondent to take precautionary measures. Respondent contends that its employees acted in an expeditious manner to warn the travelling public of the hazard created by the slide and that it did not have prior knowledge that such a slide would occur.
*210 Testimony from Linda Pardue, the Braxton County dispatcher on November 29, 1985, revealed that she first received information from an employee of the Storck Baking Company concerning the slide on Route 4 at 3:11 a.m. She immediately called William Tucker, respondents' Maintenance Supervisor for Braxton County, also at approximately 3:11 a.m. or shortly thereafter.
Mr. Tucker drove to the area of the slide. He estimated that he arrived at the slide at approximately 3:20 to 3:25 a.m. Upon his arrival, he saw a vehicle in the hole created by the slide but could not see if anyone was in the vehicle. There were two unidentified people at the slide. He gave them a flashlight and directed them to block the road. He then proceeded to the Sutton Go-Mart for help and returned to the scene. The EMS squad arrived shortly thereafter. He testified that there had been no problems in the slide area prior to November 29, 1985, and that there are neither weight restriction signs nor falling rock signs posted.
Jack Bowen, Assistant Chief Deputy for Braxton County, testified that he had driven over this particular section of the road at approximately 2:30 a.m. At that time, the slide had not yet occurred.
Joseph Denault, respondent's Assistant District Engineer for Maintenance, testified that he had travelled this route often, but he had never personally observed any problems at the slide location.
Lydia Dorko, respondent's District One Design Engineer, testified that she had not received any complaints about the area of milepost 22.42 (the slide area) prior to December 2, 1985, when she inspected this particular area of Route 4.
It is the opinion of the Court that claimants have failed to establish negligence on the part of the respondent in this claim. The respondent did not have sufficient time to reach the scene of the slide to place warning devices prior to the time at which claimant came upon the slide. Respondent's employee proceeded to the slide area as soon as he was notified of the hazard and took steps to protect the traveling public to the best of his ability. The Court further finds that respondent could not have predicted the occurrence of this slide. In a similar case, (Motorists Mutual Ins. Co. vs. Dept. of Highways, Opinion issued December 3, 1988), the Court found that "there was no evidence that respondent knew or should have known of the propensity of the road to collapse." In the instant claim, there was no evidence that respondent had knowledge of the propensity of this area of the road to collapse. Although the Court is not unmindful of the seriousness of the injuries received by claimant George O. Winemiller, the Court must deny this claim.
Claim disallowed.